IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACIE EVANS | : | CIVIL ACTION |
| v. | : | |
| SHAN L. ZHANG and SHANLANG ZHANG | : | NO. 17-3801 |

## MEMORANDUM OPINION

**Savage, J.**                                                                           October 12, 2017

In moving to remand this removed personal injury action, plaintiff Stacie Evans contends that the removing defendant has not shown that the amount in controversy exceeds the $75,000.00 jurisdictional threshold necessary for subject matter jurisdiction under 28 U.S.C. § 1332. We agree. Therefore, we shall grant the motion.

The district court has subject matter jurisdiction based on diversity when "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). A defendant removing a case from state court bears the burden of demonstrating that the amount in controversy exceeds the jurisdictional threshold. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). Additionally, removal statutes are to be strictly construed against removal, and all doubts are resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2004).

The "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, where "the State

practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is proper only if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). Because Pennsylvania does not allow a demand for a specific sum of money where damages are not liquidated, *see* Pa. R. Civ. P. 1021(b), the removing defendant must show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446(c)(2); *Frederico*, 507 F.3d at 193.

In support of his assertion that the "*potential* amount in controversy in this matter exceeds $75,000.00,"[1] the defendant cites the nature of the plaintiff's injuries, her medical expenses, and the cost of repairing her vehicle.[2] The defendant also relies upon the plaintiff's refusal to stipulate that her damages do not exceed $75,000.00,[3] and her earlier $85,000.00 settlement demand.[4]

The defendant refers to the plaintiff's injuries as lumbar, thoracic and cervical spine sprain and strain, and post-traumatic myofascial pain of the trapezius. He neglects to include the adjective "acute" the plaintiff used in describing her injuries in the complaint. The injuries are simply sprain and strain and myofascial pain of the trapezius.[5] Additionally, the defendant points to a note by one of plaintiff's healthcare providers that her symptoms will likely "persist and flare-up in the future, and may

---

[1] Not. of Removal (Doc. No. 1) ¶ 10 (emphasis added).

[2] *Id.* ¶¶ 12-14.

[3] *Id.* ¶¶ 15-17.

[4] Resp. to Mot. to Remand (Doc. No. 4) ¶ 6.

[5] *See* Compl. ¶ 11.

require further invasive intervention."[6] This is not a prognosis, but only a possibility. The claimed injuries are not chronic or serious.

The defendant includes the plaintiff's medical expenses of $13,567.00 as a component of the amount in controversy. Because those expenses were paid by the plaintiff's automobile insurance carrier under her personal injury protection benefits coverage,[7] they are not recoverable in this action. Like the medical expenses, the $2,373.58 cost to repair the plaintiff's vehicle is irrelevant. There is no claim for property damage in the complaint.[8] Hence, the medical expenses and the property damage are not included in the amount in controversy.

In her complaint, the plaintiff limited the amount in controversy to an amount less than the jurisdictional threshold. In the *ad damnum* clause of her complaint, the plaintiff demands damages in "an amount not in excess of $50,000."[9] Additionally, on the Civil Cover Sheet filed with her complaint, she checked the box "$50,000.00 or less" under "Amount in Controversy," and designated the action as an arbitration matter, where an award of damages cannot exceed $50,000.00. *See* 42 Pa. Con. Stat. Ann. §7361(a), (b)(2); Not. of Removal, Ex. A at 1.

The defendant argues that "the plaintiff's damages are not capped at $50,000.00" because either party could take a *de novo* appeal from an arbitration award pursuant to 42 Pa. Con. Stat. Ann. § 7361(d).[10] Admittedly, if there is an appeal from arbitration,

---

[6] Resp. to Mot. to Remand ¶ 10.

[7] Mot. to Remand (Doc. No. 3) ¶ 10; Pl.'s Resp. to Not. of Removal (Doc. No. 2) ¶ 13.

[8] Mot. to Remand ¶ 11; Resp. to Not. of Removal ¶ 14.

[9] *See* Compl. at 4, 6.

[10] Resp. to Mot. to Remand ¶ 6.

there is no bar to the plaintiff's recovering damages beyond that amount. However, that possibility does not alter the analysis of the amount in controversy based on the current status of the plaintiff's injuries and her designating her case as within the arbitration limit. A potential appeal from a future arbitration award is speculative. At this point, the plaintiff cannot recover more than $50,000.00 in the state court.

The defendant also relies on the plaintiff's refusal to stipulate that her damages do not exceed $75,000.00. Before removing the case, defense counsel asked plaintiff's counsel to stipulate to cap damages at $75,000.00 because, in his words, the plaintiff's "potential damages are actually unlimited."[11] Plaintiff contends it was unnecessary to stipulate to limit her damages because the case was designated as an arbitration matter, limiting a maximum damages award at $50,000.00.[12] Plaintiff's counsel did not want to preclude the possibility of recovering damages in excess of $50,000.00 in the event of an appeal from an arbitration award.[13] Still, that does not mean the amount in controversy exceeds $75,000.00 at this time.

A plaintiff's refusal to stipulate to cap damages at $75,000.00 does not establish that the amount in controversy exceeds that amount. *Martino v. Hartford Ins. Co.*, Civ. No. 14-1953, 2014 WL 1652224, at *3 (E.D. Pa. Apr. 23, 2014) (finding that "[t]he lack of stipulation does not undermine the limited damages apparent in Plaintiff's complaint."); *see also Stevenson v. Wal-Mart Stores, Inc.*, No. 14-4073, 2015 WL 158811, at *2 (E.D. Pa. Jan. 13, 2015); *Lewis-Hatton v. Wal-Mart Stores East, LP*, No. 13-7619, 2014 WL 502367, at *3 (E.D. Pa. Feb. 7, 2014). The mere possibility that the

---

[11] *Id.*

[12] Resp. to Not. of Removal ¶ 15.

[13] *Id.* ¶ 17.

4

plaintiff could recover more than $75,000.00 on a *de novo* appeal of the arbitration award does not override the plaintiff's limiting her damages in the complaint to $50,000.00. Future awards on appeal are speculative. *Martino*, 2014 WL 1652224, at *2; *Mazza v. Peerless Indem. Ins. Co.*, No. CIV.A. 13-3225, 2013 WL 4014569, at *3 (E.D. Pa. Aug. 7, 2013) (citations omitted). Consequently, the plaintiff's refusal to stipulate that her damages do not exceed $75,000.00 is not enough to demonstrate that the jurisdictional threshold has been met.

Finally, a settlement demand does not establish that the amount in controversy exceeds the jurisdictional threshold. Making a demand that is higher than the actual amount in controversy is a common negotiating tactic to instigate settlement talks. A settlement "demand is best seen as posturing for settlement negotiations and cannot override . . . the complaint that unequivocally states that the damages do not exceed the jurisdictional threshold." *Ferguson v. Nobles*, No. CIV. 14-1439, 2014 WL 1492266, at *2 (E.D. Pa. Apr. 15, 2014) (citation omitted). Because the plaintiff limited her damages to $50,000.00 in her complaint, her settlement demand, which was only $10,000.00 more than the jurisdictional threshold, does not demonstrate that the damages in this case exceed $75,000.00.

Because the removing defendant has not proven, by a preponderance of the evidence, that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs," 28 U.S.C. § 1332(a), we shall grant the motion to remand.

/s/TIMOTHY J. SAVAGE